UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAZARO MAINEZ,<br>Booking #14704837,<br><br>                      Plaintiff,<br><br>    vs.<br><br>SHERIFF WILLIAM GORE;<br>JUDGE PATRICIA SHAMOON,<br><br>                    Defendants. | Case No.: 3:17-cv-01359-JAH-JLB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM DEFENDANT WHO IS ABSOLUTELY IMMUNE PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)**<br>**AND § 1915A(b)** |

JOHN LAZARO MAINEZ ("Plaintiff"), a detainee at the San Diego Sheriff's Department Vista Detention Facility ("VDF") in Vista, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff claims William Gore, the San Diego County Sheriff, and the Honorable Patricia Shamoon, the San Diego Superior Court Judge who sentenced him in *People v. Mainez*, San Diego Superior

Court Criminal Case Nos. SCE298454, SCD240472, SCE316127, and SCD228286 on May 20, 2014, falsely imprisoned him in violation of the Sixth Amendment, due process, and equal protection of the law. *See id.* at 12-14, 93-103. He seeks declaratory and injunctive relief "enjoining defendants from continuing to falsely imprison" him, as well as "damages pursuant to [Cal.] Pen. Code [§] 4904."[1] *Id.* at 14.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d

---

[1] California law "allows a person erroneously convicted of a crime to file a claim for indemnity with the [California's Victim Compensation and Government Claims Board] for pecuniary injury sustained through the erroneous conviction and imprisonment or incarceration[,]" *Holmes v. Cal. Victim Comp. & Gov't Claims Bd.*, 239 Cal. App. 4th 1400, 1403 (2015) (citing CAL. PENAL CODE §§ 4900, et seq.); *People v. Etheridge*, 241 Cal. App. 4th 800, 806 (2015), provided such a claim is brought "within a period of two years after judgment of acquittal or after pardon granted, or after release from custody[.]" P.C. § 4901(a). To prevail on a claim for compensation, the claimant must show "that the crime with which the claimant was charged was either not committed at all, or, if committed, was not committed by the claimant." CAL. PENAL CODE § 4904; *Larsen v. Soto*, No. CV 08-4610 CAS (SS), 2016 WL 3792817, at *2 (C.D. Cal. June 15, 2016), *report and recommendation adopted*, No. CV 08-4610 CAS (SS), 2016 WL 3792822 (C.D. Cal. July 12, 2016).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a Prison Certificate issued by the Facility Commander at VDF attesting as to his account balances as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 5; *Andrews*, 398 F.3d at 1119. This Certificate shows Plaintiff had $122.50 in average monthly deposits, carried an average monthly balance of $0.23 in his account during the 6-month period preceding the filing of this action, and had $1.34 in available funds to his credit at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses Plaintiff's initial partial filing fee to be $24.50 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Facility Commander at VDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts

as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Complaint

Plaintiff contends Judge Shamoon imposed an unlawful sentence in San Diego Superior Court Criminal Case Nos. SCD240472, SCE316127, SCE298454, and SCD228286, and as a result, she and Sheriff Gore falsely imprisoned him in the County Jail in violation of a plea agreement, due process, and equal protection. *See* ECF No. 1 at 7-14. Plaintiff further claims "Judge Shamoon and the State Court failed to find that [his] counsel was ineffective at sentencing," in violation of the Sixth Amendment. *Id.* at 13. Plaintiff seeks a declaratory judgment, a "permanent injunction enjoining defendants from continuing to falsely imprison [him] in the County Jail," and monetary damages "pursuant to Pen[al] Code 4904." *Id.* at 14.

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Criminal Proceedings – *Heck's* "Favorable Termination" Requirement

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004)

("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82), *cert. denied*, (Jan. 9, 2017) (No. 16-6556).

First, Plaintiff seeks damages and injunctive relief against both Sheriff Gore and Judge Shamoon based on claims that they have falsely imprisoned him—but he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his convictions have already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser*, 411 U.S. at 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on an allegedly unlawful sentence imposed as the result of his underlying criminal convictions, he may not proceed pursuant to § 1983, unless his convictions have already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. While Plaintiff identifies no specific acts of misconduct taken by the Sheriff Gore individually during the course of his criminal proceedings, and instead appears to hold the Sheriff accountable merely because Plaintiff has been committed to his custody, *see Iqbal*, 556 U.S. at 677 (noting that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"), the Court will presume Plaintiff also intends to sue the Sheriff for enforcing Judge Shamoon's "unlawful" sentence. *See* ECF No. 1 at 3, 8, 12.

However, despite Plaintiff's claims to the contrary, *id.* at 4, such claims *do* "necessarily imply the invalidity" of his conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing Defendants "falsely imprisoned" him in violation of due process and equal protection, and that they did so as the result of a sentencing hearing during which he was not rendered the effective assistance of counsel guaranteed him by the Sixth Amendment, *see* ECF No. 1 at 12-13, an award of damages in his favor would "necessarily imply the invalidity" of his conviction and/or the sentence Judge Shamoon imposed. *Id.*, 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a

prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

E. Judicial Immunity

Second, to the extent Plaintiff seeks damages against Judge Shamoon for sentencing him and/or presiding over his criminal proceedings, his claims are legally frivolous, for "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A judge lacks immunity where [s]he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature.") (internal quotation marks and citations omitted); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The imposition of a criminal sentence is unquestionably an act performed in a judge's official capacity. *See, e.g., Hawes v. Brown*, No. 17-CV-02400-WHO (PR), 2017 WL 2500905, at *2 (N.D. Cal. June 9, 2017); *Pattillo,* 2017 WL 3622778, at *3 ("[A] sentencing decision is at its core a judicial act for which [a] [j]udge … is entitled to absolute judicial immunity.").

Thus, for these reasons, the Court finds Plaintiff's Complaint both fails to state a claim upon which § 1983 relief may be granted, and seeks monetary damages from a defendant who is immune. Therefore, it must be DISMISSED sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121; *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting § 1915(e)(2)(b)(iii) requires sua sponte dismissal of complaints seeking "monetary relief against a defendant who is immune from such relief," and noting its "appli[cation] to absolute immunity.").

F. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by Plaintiff's

pleadings would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants Gore and Shamoon violated his constitutional rights as the result of his May 14, 2014 sentencing, or that Judge Shamoon were *not* somehow absolutely immune, his claim for damages under § 1983 could still not yet proceed pursuant to *Heck* because his several past, and still ongoing attempts at invalidating his conviction and/or sentence through writs of habeas corpus, have to date been unavailing.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of its own records in *Mainez v. Gore*, S. D. Cal. Civil Case No. 3:17-cv-00397-JLS-KSC, in which Plaintiff filed a writ of habeas corpus seeking to challenge his state court conviction and May 20, 2014, sentence imposed in San Diego Superior Court Case Nos. SCD240472, SCE316127, SCD228286, and SCE298454 pursuant to 28 U.S.C. § 2254, and raising due process, equal protection, and ineffective assistance of counsel claims similar to those alleged in his § 1983 Complaint in this case. *See Mainez v. Gore*, S. D. Cal. Civil Case No. 3:17-cv-00397-JLS-KSC (ECF No. 1 at 1; 1-2 at 12-13, 17-35). While a Motion to Dismiss has been filed, *id.*, ECF No. 16, Plaintiff's § 2254 habeas petition remains pending before Judge Sammartino.

///

The Court also notes Plaintiff has attached as an exhibit to his Complaint in this case a copy of an April 13, 2016 decision by the California Court of Appeals, District 4, Div.1, in *In re John Mainez*, D070112, denying a state habeas corpus petition collaterally attacking his convictions in SCD240472, SCD228286, SCE298454, and SCE316127, and alleging "multiple sentencing errors." *See* ECF No. 1 at 61-63. Plaintiff also attaches several additional Orders issued by the San Diego Superior Court denying at least three successive state habeas petitions he filed in *In re Mainez*, San Diego Superior Court Case No. HC21682 (challenging SCD240472, SCE298454, and SCE316127), *id.* at 64-66; *In re Mainez*, San Diego Superior Court Case No. HC21682 (2d Petition) (challenging SCD240472, SCE298454, and SCE316127), *id.* at 56-60; and *In re Mainez*, San Diego Superior Court Case No. HC21682 (3d Petition) (challenging SCD240472, SCE298454, and SCE316127), *id.* at 77-82. All of those state habeas petitions have also been denied. *Id.* at 59-60, 66, 82.

Therefore, because Plaintiff's state and federal collateral proceedings reveal he cannot amend his pleading in this case to allege the additional facts required to show either that the underlying conviction or sentence which forms the basis of his § 1983 claims in this case *has already been invalidated*, or that the judicial defendant he seeks to sue for money damages is not absolutely immune, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Facility Commander of the VDF, or his designee, to collect from Plaintiff's prison trust account the initial partial filing fee assessed by this Order, if those funds are available, and to forward the balance of the $350 filing fee owed in this

case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Sheriff's Department, Vista Detention Facility, 325 South Melrose Drive, Vista, California 92081.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim and for seeking damages from a defendant who is absolutely immune pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), without prejudice, but without leave to amend in this civil action as futile.

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

7. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: September 8, 2017

Hon. John A. Houston
United States District Judge