UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAZARO MAINEZ<br>Booking #14704837,<br><br>                              Plaintiff,<br><br>vs.<br><br>SHERIFF WILLIAM GORE;<br>JUDGE PATRICIA SHAMOON,<br>                            Defendants. | Case No.: 3:17-cv-01359-JAH-JLB<br><br>**ORDER**<br><br>**1) DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO**<br>**Fed. R. Civ. P. 59(e)**<br>**[ECF No. 6]**<br><br>**AND**<br><br>**2) RE-CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH PURSUANT TO 28 U.S.C. § 1915(a)(3)** |

**I.    Procedural History**

      JOHN LAZARO MAINEZ ("Plaintiff"), proceeding pro se and in forma pauperis, is currently in the custody of Defendant William Gore, the San Diego County Sheriff, and incarcerated at the Sheriff's Department Vista Detention Facility, where he claims be serving an unconstitutional sentence imposed on May 20, 2014, by Defendant Shamoon, a San Diego County Superior Court Judge. *See* Compl. ECF No. 1 at 3, 7-8. In his

Complaint, filed on July 3, 2017 pursuant to 42 U.S.C. § 1983, Plaintiff claimed Judge Shamoon's May 20, 2014 sentence violated his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment rights to due process and equal protection, as well as California's Realignment Act and Penal Code § 1170(h).[1] He sought both money damages and injunctive relief in the form of an order "enjoining Defendants from continuing to falsely imprison him in the County Jail." *See id.* at 12-14.

On September 11, 2017, the Court granted Plaintiff leave to proceed in forma pauperis pursuant ("IFP") to 28 U.S.C. § 1915(a), but dismissed his Complaint, in part, because he sought damages against Judge Shamoon, who is absolutely immune, and pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 3 at 8, 11. In addition, because Plaintiff's Sixth and Fourteenth Amendment claims "'necessarily impl[ied] the invalidity' of his conviction and continued incarceration," *id.*, at 5-8 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)), and because he did not further allege his conviction or sentence had already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal," or "called into question by a federal court's issuance of a writ of habeas corpus," *id.* at 6 (quoting *Heck*, 512 U.S. at 486-87), the Court dismissed the entirety of Plaintiff's Complaint sua sponte for failing to state a claim upon which § 1983 relief could be granted. *Id.* at 5-8, 11. Finally, the Court took judicial notice of its own records, as well as the exhibits attached to Plaintiff's Complaint,

---

[1] "The Criminal Justice Realignment Act of 2011 addressing public safety (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1, … significantly change[d] the punishment for some felony convictions" in California. *People v. Scott*, 58 Cal. 4th 1415, 1418 (2014). "Under the terms of the Act, low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement, no longer serve their sentences in state prison. Instead, such offenders serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer." *Id.* at 1418-19 (citing CAL. PEN. CODE, § 1170, subd. (h)(2), (3), (5)).

and denied him leave to amend as futile because Plaintiff's previous attempts to invalidate his convictions in San Diego Superior Court Case Nos. SCD240472, SCD228286, SCE298454, SCE316127 via a direct appeal (D070112), and through multiple state habeas petitions (HC21682) had been denied, and a federal writ of habeas corpus he filed pursuant to 28 U.S.C. § 2254 in *Mainez v. Gore*, S.D. Cal. Civil Case No. 3:17-cv-00397-JLS-KSC, still remained pending before Judge Sammartino. *Id.* at 8-11. Finally, the Court certified that an IFP appeal would be frivolous, and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *Id.* at 11.

On October 11, 2017, Plaintiff filed a "Motion to Alter and Amend" the Court's September 11, 2017 Judgment (ECF No. 6).[2]

## II. Motion for Reconsideration

### A. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir.

---

[2] Plaintiff's Motion is signed on October 4, 2017, *see* ECF No. 6 at 5, but it is deemed to have been filed on October 10, 2017—the day it was deposited in the internal mail at VDF. *See* ECF No. 6 at 15; *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."). Motions to alter or amend judgment "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). While Plaintiff's 28 days lapsed on October 9, 2017, his Motion is nevertheless timely because October 9, 2017 was a legal holiday. *See* FED. R. CIV. P. 6(a)(1)(C).

1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

B. Plaintiff's Arguments

In his Motion, Plaintiff contends, as he did in his Complaint, see ECF No. 1 at 4, that his claims for damages are not *Heck* barred, and that "judicial immunity is not a bar" to the prospective injunctive relief he seeks—namely, an order "enjoining the state court and sheriff from [his] continued illegal confinement in the county jail." *See* ECF No. 6 at 2-5.

C. Discussion

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, Plaintiff has failed to point to any newly discovered evidence or intervening change in controlling law. *See Ybarra,* 656 F.3d at 998. And while he disagrees with this Court's application of the facts as he pleaded them to well-established Supreme Court and Ninth Circuit precedent, his Motion offers no valid basis upon which the Court might find its September 11, 2017 Order and judgment of dismissal was clearly erroneous or manifestly unjust. *Id.*

In fact, while Plaintiff insists success on his § 1983 claims "would only require a change in the location of [his] confinement," and *not* "the confinement itself or its duration," *see* ECF No. 6 at 3, he makes the opposite claim in a recent filing before Judge Sammartino related to his currently pending habeas petition, in which he raises some of the same legal challenges to his sentence under California's Realignment Act as he does in this case. *See Mainez v. Gore*, 3:17-cv-00397-JLS-KSC, ECF No. 1-2 at 13, 19, 32; ECF No. 21 at 3 ("A resentence of Petitioner's case would require the State apply Proposition 57, SB 180, and sentence the petitioner to the state prison as required by state law. *The new sentence will result in the petitioner's immediate release*.") (emphasis added).

As the Court noted in its September 11, 2017 Order, a constitutional challenge to the validity or duration of Plaintiff's confinement may be raised by way of direct appeal, or through state or federal habeas corpus petitions. *See* ECF No. 3 at 6 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005)). "Core" habeas claims, however, may not be brought in a § 1983 action. *Id.*

For these reasons, relief under FED. R. CIV. P. 59(e) is not warranted.

## III. Conclusion and Order

Accordingly, the Court:

1) **DENIES** Plaintiff's Motion to Alter or Amend Judgment (ECF No. 6);

2) **RE-CERTIFIES** that an IFP appeal from either this or the Court's September 11, 2017 Order, would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445

(1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

    3)    **DIRECTS** the Clerk of Court to terminate this civil action.

**IT IS SO ORDERED**.

Dated: December 18, 2017

HON. JOHN A. HOUSTON
United States District Judge